PER CURIAM.
We reverse the trial court’s finding that appellant violated his probation.
On the day of appellant’s arrest, an officer observed him standing out in a parking lot of an apartment complex that had trespassing signs posted. The officer asked appellant what he was doing. Appellant replied that he was “chilling out.” He then said that one of his relatives lived there and he was visiting. The officer patted appellant down for weapons and found a bulge in his rear pocket, caused not by a weapon but $1345 in cash. The officer arrested appellant for trespassing.
At the time of his arrest, appellant was on probation. After his arrest, the state filed an affidavit for violation of probation that stated appellant violated the law by entering or remaining in a structure or conveyance without being authorized, invited or licensed to do so.
At the violation of probation hearing, appellant testified that he had permission to be at the complex. Appellant’s second cousin testified that she lived at the complex and had given appellant permission to come to her apartment.
The trial court revoked appellant’s probation, finding he had trespassed on the premises. This appeal followed.
A trial judge may revoke a defendant’s probation when there is evidence to satisfy the court’s conscience that the conditions of probation were violated. Horn v. State, 433 So.2d 670, 671 (Fla. 4th DCA 1983). However, we note that the trial judge remarked, “I think [appellant] may have you on the law for the trespassing when [his cousin] comes in and testifies that he is invited over there_” Furthermore, the record does not contain any evidence that appellant entered or remained in a structure or conveyance.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HERSEY, GUNTHER and GARRETT, JJ., concur.